Robert C. Ryan
Nevada Bar No. 7164
**HOLLAND & HART LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone: (775) 327-3042
Fax: (775) 786-6179
rcryan@hollandhart.com

Christopher B. Hadley  (*pro hac vice* pending)
**HOLLAND & HART LLP**
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Phone: (801) 799-5800
Fax: (801) 799-5700
cbhadley@hollandhart.com

Craig R. Smith (*pro hac vice* pending)
William J. Seymour (*pro hac vice* pending)
**LANDO & ANASTASI LLP**
One Main Street
Cambridge, MA  02142
Main:  (617) 395-7000
Fax: (617) 395-7070
csmith@lalaw.com
wseymour@lalaw.com

Attorneys for Defendant
FOURSQUARE LABS, INC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOURSQUARE LABS, INC., <br><br> Defendant. | Case No. 2:12-cv-01308-RCJ-PAL <br><br> **DEFENDANT'S UNOPPOSED MOTION FOR THE COURT'S CONSIDERATION OF WHETHER RECUSAL IS APPROPRIATE** |

### I.     <u>Introduction</u>

On December 20, 2012 Plaintiff Silver State Intellectual Technologies, Inc. ("Silver State")

-1-

filed an Amended Certificate of Interested Parties, disclosing that Judge Jones' brother-in-law, William B. Bunker, is a senior partner with the firm of Knobbe, Martens, Olson & Bear, LLP (the "Knobbe" firm). In addition, Judge Jones' nephew (William Bunker's son) Jared Bunker is also an Associate with the Knobbe firm. *See* Jared Bunker attorney bio, available at: http://knobbe.com/attorneys/jared-bunker. The Knobbe firm is lead counsel for Silver State in this patent litigation. (D.I. 14). In light of this disclosure, defendant Foursquare Labs, Inc. ("Foursquare") respectfully submits that it may be prudent for Judge Jones to recuse himself from this case pursuant to 28 U.S.C. § 455.

Silver State does not oppose the relief requested by this motion.

Silver State's Amended Certificate of Interested Parties does not state whether William Bunker or Jared Bunker have been, are, or might in the future be involved in this case, requiring recusal under § 455(b)(5)(ii). It also did not state whether William Bunker might have an interest that could be substantially affected by the outcome of this proceeding, requiring recusal under § 455(b)(5)(iii). The Amended Certificate does state that Silver State would not oppose a reassignment of this matter if the Court deems it necessary or appropriate.

William Bunker is a senior patent attorney and Jared Bunker appears to be an associate practicing in the Knobbe firm's patent litigation group. Even tangential involvement by William or Jared Bunker would require recusal under § 455(b)(5)(ii). To the extent William or Jared Bunker do not now intend to participate in this case, recusal may still be appropriate. In similar cases, courts have declined to recuse, only to later discover that the related attorney provided services in connection with the case. Thus, to avoid any potential disruptions, it may be appropriate to reassign this matter while this case is still in its infancy.

It may also be appropriate to recuse given that, as a senior partner in the Knobbe firm, William Bunker would seem to have an interest in the outcome of this case. It is certainly possible that the Knobbe firm has this case on a contingency or partial contingency fee arrangement, which may affect William Bunker's financial interests. Due to the size and complexity of typical patent cases, William Bunker may have an interest in the outcome even under a traditional hourly fee

1 arrangement. These types of financial interests would be in addition to certain noneconomic
2 interests, including the reputation and goodwill of his firm.

3 Patent cases are typically large, complex, costly, and time consuming cases. All involved
4 with this case should be assured that the case will be handled fairly and impartially. This case is
5 commencing with a question in this regard given Silver State's Amended Certificate of Interested
6 Parties.

7 **II.** **Legal Standards**

8 A judge must "disqualify himself in any proceeding in which his impartiality might
9 reasonably be questioned." 28 U.S.C. § 455(a). The recusal statute lists several instances in
10 which impartiality could reasonably be questioned and a judge would be required to recuse
11 himself. *See* § 455(b)(1)-(5). *See also Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991)
12 ("Section 455(b) covers situations in which an actual conflict of interest exists, even if there is no
13 appearance of one.") (citation omitted). Subsection (b)(5) states that a judge shall recuse himself
14 if "[h]e or his spouse, or a person within the third degree of relationship to either of them … (ii)
15 [i]s acting as a lawyer in the proceeding; [or] (iii) [i]s known by the judge to have an interest that
16 could be substantially affected by the outcome of the proceeding." *Id.*

17 An objective standard is used for judging the appearance of impartiality for purposes of
18 recusal under § 455. *Preston*, 923 F.2d at 734. This standard involves ascertaining "'whether a
19 reasonable person with knowledge of all the facts would conclude that the judge's impartiality
20 might reasonably be questioned.'" *Id.* (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th
21 Cir.1983)). This objective standard applies to both § 455(a) and (b). *See United States v.*
22 *Conforte*, 624 F.2d 869, 881 (9th Cir.1980) ("[W]e think the test under either subsection (a) or (b)
23 is the same, namely, whether or not given all the facts of the case there are reasonable grounds for
24 finding that the judge could not try the case fairly, either because of the appearance or the fact of
25 bias or prejudice.").

26 **III.** **Discussion**

27 Silver State's Amended Certificate of Interested Parties discloses that Your Honor's
28

-3-

brother-in-law is a senior partner with the firm representing Silver State. Brothers-in-law are considered to be within the third degree of relationship under 28 U.S.C. 455(b)(5)(ii). *See Mangini v. United States*, 314 F.3d 1158, 1160 (9th Cir. 2003). The Knobbe firm's website shows that William Bunker is a patent attorney. *See* William Bunker's bio, available at: http://knobbe.com/attorneys/bill-bunker. Your Honor's nephew – William Bunker's son – is an associate at the Knobbe firm. Silver State does not explain if William Bunker or his son have been involved in this case to date or might be involved in the future; nor does Silver State explain if either of the Bunkers might have represented Silver State in the past or represent Silver State in the future.

Silver State's Amended Certificate of Interested Parties also does not explain whether the Knobbe firm is representing Silver State pursuant to a contingency fee arrangement or traditional fee arrangement. If the Knobbe firm is taking a contingency fee, recusal would be required because William Bunker, as a senior equity partner, would "have an interest that could be substantially affected by the outcome of the proceeding." *See* 28 U.S.C. § 455 (b)(5)(iii).

Further, because patent cases are typically complex and usually involve substantial attorney fees even absent a contingency fee arrangement, Foursquare submits that the Court should presume that this presents an interest of William Bunker's that could be substantially affected by the outcome. *See Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1113-1114 (5th Cir. 1980) ("The fee received by the firm in this case was based on a fixed hourly rate, and the fee was not affected by the outcome of the case. While [the Judge's father's] financial interest was not actually affected by the outcome of the case, we interpret section 455(b)(5)(iii) to require disqualification when the lawyer-relative's interest has the potential to be affected by the outcome. This case could have been handled on a contingent fee basis, or a favorable result might have justified a higher fee, so that [the father's] interest could have been affected by the outcome."). The court in *Potashnick* also recognized that noneconomic interests were also at stake: "a win or loss in any lawsuit could affect a partner's interest in his firm's reputation, its relationship with its clients, and its ability to attract new clients." *Id*. at 1113. Additionally, the complexity of patent

cases and the potential for significant attorney fees to the Knobbe firm further heightens the likelihood of a financial interest.

Even if William Bunker and his son are not presently involved in this case, there is a risk in hearing a case when a brother-in-law or nephew could potentially become involved. In *Mangini*, a bicyclist who was injured on a bicycle tour in a national park brought a negligence action against the tour operator and the United States government. There, District Judge Donald W. Molloy denied the defendant Timberline's motion to disqualify based on the fact that Judge Molloy's brother-in-law, Jackson, was a seventeen-year associate with the law firm representing Mangini. *Id*. at 1160. Judge Molloy denied Timberline's motion based on an affidavit filed by Mangini declaring that Jackson never appeared or acted as a lawyer in the proceeding. *Id*. The court thereafter entered judgment for the Mangini, following a bench trial. *Id*.

Upon appeal, however, Timberline discovered that Jackson had indeed acted as an attorney during the course of the litigation. Specifically, Timberline discovered that Jackson had communicated with Mangini's expert witness and had forwarded documents to him for use in his expert report. *Id*. at 1160. Based on this new evidence, the Ninth Circuit reversed Judge Molloy's non-recusal determination, vacated the court's judgment of liability, and remanded for a new trial. *Id*. at 1161 (citing *Preston*, 923 F.2d at 734-35). The court reasoned that a new trial was required because there was no other way to "purge the perception of partiality" in the case. *Id*. The Court concluded that "there is no way to cure this problem because the fact remains that, **unbeknownst to Judge Molloy**, his brother-in-law acted as a lawyer for a tort plaintiff in an action that was tried in his court, without a jury. … Thus, Section 455 compels vacation of the judgment in this case." *Id*. at 1161-1162 (emphasis added).

Potential problems such as those in *Mangini* can be avoided by recusal or reassignment. First, if William or Jared Bunker do intend to participate in this case, recusal would be required under § 455(b)(5)(ii). On the other hand, even if William or Jared Bunker do not yet intend to participate in this case, the potential for them to later become involved, even for some limited purpose or by accident, is of concern, particularly since Silver State's Certificate is silent on this

1 point and others. As demonstrated in *Mangini*, even minimal participation by William Bunker
2 without Your Honor's knowledge might require Your Honor's recusal at some later date. Recusal
3 at some later date could seriously disrupt the case whereas recusal at this early stage would be
4 relatively if not completely harmless.
5     Finally, counsel for both parties have conferred on this issue and Silver State does not
6 oppose the reassignment of this case. Therefore, recusal would not prejudice any parties at this
7 early stage.
8 ///
9 ///
10 ///

IV. **Conclusion**

For the reasons explained above, Foursquare respectfully requests consideration of whether recusal is appropriate, particularly given the lack of information in Silver State's Certificate of Interest and the Certificate's explanation that Silver State does not object to recusal if deemed appropriate by the Court.

Dated: February 21, 2013.

By: ___/s/ *Robert C. Ryan*___

Robert C. Ryan
Nevada Bar No. 7164
**HOLLAND & HART LLP**
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone: (775) 327-3042
Fax: (775) 786-6179
rcryan@hollandhart.com

Christopher B. Hadley
(*pro hac vice pending*)
**HOLLAND & HART LLP**
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Phone: (801) 799-5800
Fax: (801) 799-5700
cbhadley@hollandhart.com

Craig R. Smith
(*pro hac vice pending*)
William J. Seymour
(*pro hac vice pending*)
**LANDO & ANASTASI LLP**
One Main Street
Cambridge, MA 02142
Main: (617) 395-7000
Fax: (617) 395-7070
csmith@lalaw.com
wjseymour@lalaw.com

Attorneys for Defendant
FOURSQUARE LABS, INC.

**IT IS SO ORDERED**

Dated:  March 11, 2013.

_____
UNITED STATES DISTRICT JUDGE

-7-

**PROOF OF SERVICE**

I hereby certify that on February 21, 2013, I caused **DEFENDANT'S UNOPPOSED MOTION FOR THE COURT'S CONSIDERATION WHETHER RECUSAL IS APPROPRIATE** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

>Andrew P. Gordon
>Jeffrey A. Silvestri
>MCDONALD CARANO WILSON LLP
>2300 West Sahara Avenue
>Suite 1000
>Las Vegas, NV 89102
>Phone: (702) 873-4100
>Facsimile: (702) 873-9966
>Email: agordon@mcdonaldcarano.com
>Email: jsilvestri@mcdonaldcarano.com
>
>Frederick S. Berretta
>Phillip Bennett
>KNOBBE, MARTENS, OLSON & BEAR, LLP
>12790 El Camino Real
>San Diego, CA 92130
>Phone: (858) 707-4000
>Facsimile: (858) 707-4001
>Email: fred.berretta@knobbe.com
>Email: phillip.bennett@knobbe.com

Executed on February 21, 2013, at Reno, Nevada.

                                         /s/ *Robert C. Ryan*
                                             Robert C. Ryan

6031090_1