Andrew P. Gordon (NV Bar No. 3421)
Jeffrey A. Silvestri (NV Bar No. 5779)
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue
Suite 1000
Las Vegas, NV 89102
Phone: (702) 873-4100
Facsimile: (702) 873-9966
Email:  agordon@mcdonaldcarano.com
Email:  jsilvestri@mcdonaldcarano.com

Frederick S. Berretta (admitted *pro hac vice*)
Phillip Bennett (admitted *pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
12790 El Camino Real
San Diego, CA  92130
Phone: (858) 707-4000
Facsimile:  (858) 707-4001
Email:  fred.berretta@kmob.com
Email:  phillip.bennett@kmob.com

Attorneys for Plaintiff
SILVER STATE INTELLECTUAL TECHNOLOGIES, INC.


Robert C. Ryan (NV Bar No. 7164)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Phone:  (775) 327-3042
Facsimile:  (775) 786-6179
Email:  rcryan@hollandhart.com

Christopher B. Hadley (admitted *pro hac vice*)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
Email:  cbhadley@hollandhart.com

Craig R. Smith (admitted *pro hac vice*)
William J. Seymour (admitted *pro hac vice*)
LANDO & ANASTASI, LLP
One Main Street, Eleventh Floor
Cambridge, MA  02142
Phone: (617) 395-7000
Facsimile: (617) 395-7070
Email:  csmith@lalaw.com
Email:  wseymour@lalaw.com

Attorneys for Defendant
FOURSQUARE, INC.

/ / /

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., a Nevada corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>FOURSQUARE LABS, INC., a Delaware corporation,<br><br>    Defendant/Counterclaimant. | Case No. 2:12-cv-01308-GMN-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

*1*   The Court recognizes that at least some of the documents and information *2* ("materials") being sought through discovery in the above-captioned action are, for *3* competitive reasons, normally kept confidential by the parties. The parties have agreed to be *4* bound by the terms of this Protective Order ("Order") in this action.

*5*   The materials to be exchanged throughout the course of the litigation between the *6* parties may contain trade secret or other confidential research, technical, cost, price, *7* marketing or other commercial information, as is contemplated by Federal Rule of Civil *8* Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such *9* materials as much as practical during the litigation. THEREFORE:

*10*   **DEFINITIONS**

*11*   1.   The term "Confidential Information" will mean and include information *12* contained or disclosed in any materials, including documents, portions of documents, answers *13* to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, *14* and transcripts of trial testimony and depositions, including data, summaries, and *15* compilations derived therefrom that is deemed to be Confidential Information by any party to *16* which it belongs.  The persons receiving Confidential Information are ENJOINED from *17* disclosing it to any other person or entity except in conformance with this Order.

*18*   2.   The term "materials" will include, but is not be limited to: documents; *19* correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other *20* material that identify customers or potential customers; price lists or schedules or other matter *21* identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; *22* invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; *23* appointment books; expense accounts; recordings; photographs; motion pictures; *24* compilations from which information can be obtained and translated into reasonably usable *25* form through detection devices; sketches; drawings; notes (including laboratory notebooks *26* and records); reports; instructions; disclosures; other writings; models and prototypes and *27* other physical objects.

*28*   / / /

3.  The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Knobbe, Martens, Olson & Bear, LLP; McDonald Carano Wilson, LLP; Lando & Anastasi, LLP; and Holland & Hart, LLP.

### GENERAL RULES

4.  Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information (a) may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained, or (b) would violate an obligation of confidentiality to a third party, including a court.

   b. Designation as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

   c. Designation as "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items: Source code produced by any party may be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE." Materials labeled as

such are limited to extremely sensitive information and items, the disclosure of which to another party or nonparty would create a substantial risk of serious injury to the business or competitive interests of the Producing Party that could not be avoided by less restrictive means.

      d.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document, preferably in the lower right-hand corner of the document, or as close thereto as feasible.  In the event that only selected pages of a bound multiple-page document are stamped with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend (e.g., responses to discovery requests), the first page of the bound document shall also be stamped with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend to prevent accidental disclosure of the Confidential contents of the document.

    5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, other than source code, all materials produced will be considered as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. No copies shall be made or retained during the inspection.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking. Any document identified on a privilege log may be withheld by the producing party, and its inclusion in the documents for inspection shall not be deemed a waiver of any privilege.

    6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

*1*      a.      the deposition or portions of the deposition must be designated as
*2* containing Confidential Information subject to the provisions of this Order;
*3* such designation must be made on the record whenever possible, but a party
*4* may designate portions of depositions as containing Confidential Information
*5* after transcription of the proceedings; a party will have until fourteen (14) days
*6* after receipt of the deposition transcript to inform the other party or parties to
*7* the action of the portions of the transcript to be designated
*8* "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
*9* ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."
*10*     b.      the disclosing party will have the right to exclude from attendance at
*11* the deposition, during such time as the Confidential Information is to be
*12* disclosed, any person other than the deponent, Counsel (including their staff
*13* and associates), the court reporter, and the person(s) agreed upon pursuant to
*14* paragraph 8 below; and
*15*     c.      the originals of the deposition transcripts and all copies of the
*16* deposition must bear the legend "CONFIDENTIAL," "HIGHLY
*17* CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY
*18* CONFIDENTIAL – SOURCE CODE," as appropriate, and the original or any
*19* copy ultimately presented to a court for filing must not be filed unless it can be
*20* accomplished under seal, identified as being subject to this Order, and
*21* protected from being opened except by order of this Court.

*22*     7.      All Confidential Information designated as "CONFIDENTIAL," "HIGHLY
*23* CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
*24* SOURCE CODE" must not be disclosed by the receiving party to anyone other than those
*25* persons designated within this order and must be handled in the manner set forth below and,
*26* in any event, must not be used for any purpose other than in connection with this litigation,
*27* unless and until such designation is removed either by agreement of the parties, or by order of
*28* the Court.

*1*    8.     Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
*2* ONLY" must be viewed only by:

*3*            a.     Counsel (as defined in paragraph 3) of the receiving party;

*4*            b.     Independent experts or consultants under the conditions set forth in this
*5*                   Paragraph;

*6*            c.     Court reporters employed by any party in this action;

*7*            d.     Judges, law clerks, court reporters, and other clerical personnel of the
*8*                   Court before which this action is pending;

*9*            e.     Stenographic and clerical employees associated with the individuals
*10*                  identified above; and

*11*           f.     Any other person as to whom the parties in writing agree.

*12*   The right of any independent expert or consultant to receive any Confidential
*13* Information will be subject to the advance approval of such expert or consultant by the
*14* producing party or by permission of the Court. The party seeking approval of an independent
*15* expert or consultant must provide the producing party with the name and curriculum vitae of
*16* the proposed independent expert or consultant, and an executed copy of the form attached
*17* hereto as Exhibit A, in advance of providing any Confidential Information of the producing
*18* party to the expert or consultant.

*19*   Any objection by the producing party to an independent expert or consultant receiving
*20* Confidential Information must be made in writing within ten (10) days following receipt of
*21* the identification of the proposed expert or consultant. Confidential Information may be
*22* disclosed to an independent expert or consultant if the ten (10) day period has passed and no
*23* objection has been made. The approval of independent experts or consultants must not be
*24* unreasonably withheld.  In the event that the producing party objects in writing to the
*25* proposed disclosure during the above-stated ten-day period, and the parties are unable to
*26* agree whether the disclosure should be made, the party seeking disclosure must move the
*27* Court for permission to disclose the Confidential Information.  The objecting party shall
*28* provide the grounds for such objection in writing within the above-stated ten-day period,

1  articulating those grounds with sufficient particularity to enable the party seeking disclosure
2  to move the Court for permission to disclose the Confidential Information.  The objecting
3  party's grounds for objection to the proposed disclosure must include good cause for the
4  objection based, at least in part, on a claim of prejudice if the proposed disclosure is made.
5  No Confidential Information shall be disclosed to an independent expert or consultant until
6  any objections to the proposed disclosure of that material have been resolved by the parties or
7  the Court.

8      Opposing counsel agree that they will not depose or interview such expert or
9  consultant until and unless the expert is designated as a testifying expert by the party
10  proposing the disclosure, and that such designation must be timely made in accordance with
11  the applicable rules of procedure; provided, however, that nothing herein shall prevent a party
12  from seeking leave of Court to depose or interview such expert.

13      9.    Information designated "CONFIDENTIAL" must be viewed only by the
14  persons authorized pursuant to the terms of paragraph 8, and by the additional individuals
15  listed below, provided each such individual has read this Order in advance of disclosure and
16  has agreed in writing to be bound by its terms:

17      a.    Executives who are required to participate in policy decisions with
18      reference to this action;

19      b.    Technical personnel of the parties with whom Counsel for the parties
20      find it necessary to consult, in the discretion of such Counsel, in preparation
21      for trial of this action; and

22      c.    Stenographic and clerical employees associated with the individuals
23      identified above.

24      10.    Because of the highly sensitive nature of the Source Code and because of the
25  ease with which electronic media may be copied, transported, or stolen, the Receiving Party
26  will maintain the Source Code in a secure location.  At the Receiving Party's request, Source
27  Code shall be made available in electronic form on a stand-alone, non-networked computer
28  with all parts, software and other avenues that could be used to copy or transfer such data

*1* blocked, for inspection within the jurisdiction of the Court in Las Vegas, Nevada, at the
*2* offices of local counsel for the Producing Party upon reasonable notice. Only persons
*3* designated under paragraphs 8(a), (b), or (f) above shall have access to the Standalone
*4* Computer provided, however, that the following restrictions shall apply to such access:

*5*  a) at least three (3) business days prior to the date on which access is sought to such
*6*     Standalone Computer (three-day notice period), counsel of record for the
*7*     Receiving Party shall provide a list of individuals including attorneys seeking to
*8*     access such Standalone Computer and the Designating Party shall have the right to
*9*     object to such access in accordance with paragraph 8 herein, unless the
*10*    Designating Party has already had the opportunity to object to a paragraph 8(b)
*11*    expert under paragraph 8, in which case the Designating Party shall not have a
*12*    right to object to the expert accessing the source code;

*13* b) during the pendency of the three day notice period, no listed individual shall have
*14*    access to the Standalone Computer;

*15* c) if a permitted objection to any specific listed individual is made, that individual
*16*    shall not have access to the Standalone Computer until resolution of such
*17*    objection; and

*18* d) each time a person accesses the Standalone Computer, the person shall sign a sign-
*19*    in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone
*20*    Computer including the name of the person accessing, the date and time in and
*21*    out, and whether any hard copies were made.

*22*    11.    The Receiving Party may not make nor attempt to make additional copies of
*23* the Source Code or convert the Source Code into any electronic form in any manner, except
*24* as set forth herein.

*25* e) A printer shall be attached to the Standalone Computer and the Receiving Party
*26*    shall make no more than 250 total pages of hard copies of "HIGHLY
*27*    CONFIDENTIAL – SOURCE CODE" material it in good faith considers to be
*28*    important to its analysis, absent agreement of the Parties to allow hard copies of

*1*     additional pages or Court order based on a showing of compelling need to allow

*2*     hard copies of more than 250 pages.

*3*   f) Whenever hard copies are made, copies of the hard copies shall be provided to

*4*     counsel for the Producing Party along with an identification of when the copies

*5*     were made and who made them.

*6*   g) Any hard copies shall be conspicuously marked "HIGHLY CONFIDENTIAL –

*7*     SOURCE CODE" in conformity with this Order.

*8*   h) The Receiving Party shall keep a log including: (1) the custodian of each copy of

*9*     any "HIGHLY CONFIDENTIAL – SOURCE CODE" materials; (2) the name of

*10*    all persons accessing the "HIGHLY CONFIDENTIAL – SOURCE CODE"

*11*    materials; and (3) the date of access of the "HIGHLY CONFIDENTIAL –

*12*    SOURCE CODE" materials.

*13*  i) An expert who has printed hard copies of source code may make electronic pdf

*14*    copies of those hard copies for purposes of preparing his or her expert report, but

*15*    must destroy such copies upon termination of the litigation.

*16*     All "HIGHLY CONFIDENTIAL – SOURCE CODE" materials, including all copies,

*17* in the possession of the Receiving Party shall be maintained in a secured area.

*18*     All "HIGHLY CONFIDENTIAL – SOURCE CODE" materials utilized during a

*19* deposition or marked as an exhibit at a deposition will be retrieved by the party conducting

*20* the deposition at the end of each day.  At no time will any "HIGHLY CONFIDENTIAL –

*21* SOURCE CODE" material be given to or left with the Court Reporter or any other individual.

*22*     Any brief, paper, pleading, or other submission to the Court that may contain copies,

*23* portions, or excerpts of a Producing Party's Source Code shall be filed under seal.  The

*24* Parties further agree that any brief, paper, pleading or other submission shall only contain as

*25* much of the Source Code as the Party, in good faith, deems reasonably necessary.  Any and

*26* all such Source Code attachment shall be marked "HIGHLY CONFIDENTIAL - SOURCE

*27* CODE" and to the extent submitted to the Court or presented at hearings or at trial.

*28* / / /

*1*         12.     With respect to material designated "CONFIDENTIAL" or "HIGHLY
*2* CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the
*3* document to be its originator, author or a recipient of, or who has otherwise previously
*4* viewed a copy of the document, may be shown the same.

*5*         13.     All information which has been designated as "CONFIDENTIAL" or
*6* "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing or disclosing
*7* party, and any and all reproductions of that information, must be retained in the custody of
*8* the Counsel for the receiving party identified in paragraph 3, except that independent experts
*9* authorized to view such information under the terms of this Order may retain custody of
*10* copies such as are necessary for their participation in this litigation.

*11*         14.     Before any materials produced in discovery, answers to interrogatories,
*12* responses to requests for admissions, deposition transcripts, or other documents which are
*13* designated as Confidential Information are filed with the Court for any purpose, the party
*14* seeking to file such material must seek permission of the Court to file the material under seal.

*15*         15.     At any stage of these proceedings, any party may object to a designation of the
*16* materials as Confidential Information. If any such objection is made, the parties shall first
*17* attempt to resolve any such dispute in good faith on an informal basis:

*18*         a.     The party challenging the designation shall provide to the producing
*19*         party written notice of the disagreement, specifically identifying the
*20*         Confidential Information in dispute and articulating the challenging party's
*21*         basis for its challenge of the confidentiality designation.

*22*         b.     The producing party shall respond in writing to the challenging party's
*23*         notice within seven (7) calendar days, articulating the basis for the producing
*24*         party's designation with sufficient particularity to enable the challenging party
*25*         to move the Court for permission to disclose the Confidential Information.

*26*         c.     If the dispute cannot be resolved between the parties without
*27*         intervention from the Court, the party challenging the confidentiality
*28*         designation may move the Court requesting appropriate relief. In any such

question brought before the Court, the party asserting the confidentiality designation shall bear the burden of proving by clear and convincing evidence that the information should be maintained at the confidentiality level designated by the producing party.

The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or

marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

19. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. Further, nothing herein shall preclude a party from having Confidential Information copied, reproduced, or adapted by an outside professional copying, reproduction, or demonstrative exhibit preparation service, provided that such service and the party using such service take all steps reasonably available to protect the confidentiality of such material.

23. Third party witnesses may invoke all of the provisions of this Order which are available to the parties. This provision does not abridge a third party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the third party's own motion or on a motion brought on its behalf by an objecting party. The party seeking production from a third party witness who may possess Confidential Information of the other party shall have the duty to provide a copy of this Order to that third party witness prior to any production from that witness. The party seeking production shall also have the duty to inform that third party witness of its rights under this Order and its

ability to designate any material it produces as Confidential Information. In addition, the parties shall treat the Confidential Information of third parties in accordance with the terms of this Order.

24. Upon final termination of this action, including any and all appeals, Counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

25. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

26. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by email or facsimile is acceptable for all notification purposes within this Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 29, 2013            By: s/ Frederick S. Berretta
                                     Frederick S. Berretta (*pro hac vice*)
                                     Phillip Bennett (*pro hac vice*)

                                 and

                                 McDONALD CARANO WILSON LLP
                                 Andrew P. Gordon
                                 Jeffrey A. Silvestri

                                 Attorneys for Plaintiff/Counterdefendant
                                 SILVER STATE INTELLECTUAL
                                 TECHNOLOGIES, INC.

                                 LANDO & ANASTASI, LLP

Dated: March 29, 2013            By: s/ William J. Seymour (*with permission*)
                                     Craig R. Smith (*pro hac vice*)
                                     William J. Seymour (*pro hac vice*)

                                 and

                                 HOLLAND & HART, LLP
                                 Robert C. Ryan
                                 Christopher B. Hadley

                                 Attorneys for Defendant
                                 FOURSQUARE LABS, INC.

**IT IS SO ORDERED:**

_____
United States Magistrate Judge

Dated: April 1, 2013

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., a Nevada corporation,<br><br>       Plaintiff/Counterdefendant,<br><br>v.<br><br>FOURSQUARE LABS, INC., a Delaware corporation,<br><br>       Defendant/Counterclaimant. | Case No. 2:12-cv-01308-GMN-PAL<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in Silver State Intellectual Technologies, Inc. v. Foursqaure, Inc., Case No. 12cv1308 GMN-PAL, and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

/ / /

/ / /

*1*   5. I acknowledge that, by signing this agreement, I am subjecting myself to the
*2* jurisdiction of the United States District Court for the District of Nevada with respect to
*3* enforcement of the Protective Order.
*4*   6. I understand that any disclosure or use of "CONFIDENTIAL," "HIGHLY
*5* CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
*6* SOURCE CODE" information in any manner contrary to the provisions of the Protective
*7* Order may subject me to sanctions for contempt of Court.
*8*
*9*   I declare under penalty of perjury under the laws of the United States that the
*10* foregoing is true and correct.
*11*
*12*
*13* Date:_____        _____
*14*
*15*
*16*
*17*
*18*
*19*
*20*
*21*
*22*
*23*
*24*
*25*
*26*
*27*
*28*