UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| SILVER STATE INTELLECTUAL TECHNOLOGIES, INC., a Nevada corporation, | ) ) ) ) | Case No.: 2:12-cv-01308-GMN-PAL |
| Plaintiff, | ) | **ORDER** |
| vs. | ) ) | |
| FOURSQUARE LABS, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 20) filed by Defendant FourSquare Labs, Inc. ("Defendant"). Plaintiff Silver State Intellectual Technologies, Inc. ("Plaintiff") filed a Response (ECF No. 26) and Defendant filed a Reply (ECF No. 29). After Defendant filed its Motion to Dismiss, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 21.)

**I.    BACKGROUND**

This case arises from Defendant's alleged infringement of United States Patent No. 7,343,165 ("the '165 Patent" or the "Asserted Patent"), titled "GPS Publication Application Server." (Second Am. Compl. ¶ 5, ECF No. 21.) *See generally* United States Patent No. 7,343,165 (filed Apr. 11, 2001).

Plaintiff is a Nevada corporation and is the owner by assignment of the '165 Patent. (*Id.* ¶¶ 4-5.) Defendant "makes, uses, and provides in the United States the 'foursquare' brand location-based social networking system that [Plaintiff] alleges infringes the '165 patent." (*Id.* ¶ 7.)

Plaintiff initiated this action on July 25, 2012 alleging one cause of action for

infringement of the '165 Patent and United States Patent No. 7,475,057. (Compl., ECF No. 1.) Subsequently, Plaintiff filed its First Amended Complaint ("FAC") in which Plaintiff alleges only that Defendant is infringing the '165 Patent. (First Am. Compl., ECF No. 18.)

In response to Plaintiff's FAC, Defendant filed the instant Motion to Dismiss Plaintiff's Claims of Indirect Infringement. (ECF No. 20.) Thereafter, Plaintiff filed its Second Amended Complaint ("SAC"). (ECF No. 21.) Plaintiff also filed an opposition to Defendant's Motion in which Plaintiff asserts only that the allegations in the SAC cure the deficiencies that Defendant identifies in its Motion. (ECF No. 26.) Defendant disagrees. (ECF No. 29.) Specifically, Defendant asserts that the allegations in Plaintiff's SAC are merely legal conclusion and, as such, Plaintiff's SAC is still inadequate to state a plausible cause of action for indirect patent infringement. (*Id.*) For the reasons discussed below, the Court GRANTS Defendant's Motion to Dismiss, but also grants Plaintiff's leave to file an amended complaint if Plaintiff can cure the defects discussed herein.

## II.     LEGAL STANDARD

"A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedure question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Accordingly, this Court applies the law of the regional circuit, the Ninth Circuit, when analyzing whether a Complaint alleging patent infringement states a valid claim. *See id.* at 1356.

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the

complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

When pleading a cause of action for direct patent infringement, a plaintiff's pleading need only conform with Form 18 of the Federal Rules of Civil Procedure. *See K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (citing

*McZeal*, 501 F.3d at 1357) (applying the Ninth Circuit law in reversing a district court's grant of a motion to dismiss). However, "[t]he Forms are controlling only for causes of action for which there are sample pleadings." *In re Bill of Lading Transmission and Processing Sys. Patent Litigation*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). Thus, Form 18 applies only to claims of direct infringement. *Id.* ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."). When pleading a cause of action for indirect patent infringement, plaintiffs must satisfy the pleading requirements articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and its progeny. *See In re Bill of Lading*, 681 F.3d at 1336; *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) ("Form 18 does not determine the sufficiency of pleading for claims of indirect infringement. . . . Rather, the pleading requirements set forth in [*Twombly*] and [*Iqbal*] apply to such claims." (citations omitted)).

### A. Knowledge of the Asserted Patent

To state a claim for indirect infringement under either section 271(b) or section 271(c), a plaintiff must allege that the defendant had "knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

Defendant argues that Plaintiff's SAC fails to state a claim because the SAC lacks any factual allegation that Defendant had knowledge of the '165 Patent prior to the initiation of this action. (Reply 3:4-10, ECF No. 29.) To support this proposition, Defendant cites numerous district court orders. However, Defendant fails to acknowledge that many courts also conclude that the filing of the complaint can satisfy the knowledge element for *post-filing acts of indirect infringement*. *See, e.g.*, *Symantec Corp. v. Veeam Software Corp.*, No. 12-cv-00700-SI, 2012 WL 1965832, at *3 (N.D. Cal. May 31, 2012) ("The Court finds that plaintiff has adequately pled knowledge of alleged infringement *as of* the date of the complaint." (emphasis in original)); *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 574 (D. Del. 2012) ("[I]f a

complaint sufficiently identifies, for purposes of Rule 8, the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint satisfies the requirements of *Global-Tech*.").

Nevertheless, Defendant asserts that "[s]ince the Supreme Court's decision in *Global-Tech*, the majority of district courts require a plaintiff to allege that the defendant had **pre-suit knowledge** of the patent-in-suit." (Reply 3:11-4:4, ECF No. 29 (emphasis in original).) However, at least one of the cases that Defendant cites provide only that a plaintiff cannot "'bootstrap' the knowledge Defendants *now* have based on Plaintiff's filing of the Complaint onto defendant's acts *before* Plaintiff filed its complaint." *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012). Similarly, another case that Defendant cites, *Xpoint Technologies, Inc. v. Microsoft Corp.*, seems to suggest that a plaintiff need only allege that the defendant had knowledge of the asserted patent at the time the defendant committed the allegedly infringing activities. 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("[P]laintiff . . . fails to allege sufficient facts that would allow the court to infer that [Defendants] had any knowledge of the [asserted] patent *at the time they were committing the allegedly infringing activities*." (emphasis added)).

Based on this case law and for the reasons stated below, the Court concludes that Defendant's argument fails as it relates to the allegations in the SAC of post-filing acts of indirect infringement.  First, neither party can dispute that Defendants had knowledge of the '165 Patent by October 15, 2012, when Defendant "acknowledged receipt of the original Complaint . . . , and likely as early as July 25, 2012, when the original Complaint was filed." (Second Am. Compl. ¶ 9, ECF No. 21.)  Furthermore, Plaintiff's Second Amended Complaint specifically alleges that Defendant "is continuing to indirectly infringe[] one or more claims of the '165 patent . . . ." (Compl. ¶ 17; *see also* Compl. ¶ 24 ("[Defendant] . . . is continuing to contributorily infringe[] one or more claims of the '165 patent . . . .").)  Therefore, just as the Northern District of California did in *Symantec*, this court will construe Plaintiff's complaint as

alleging indirect infringement for "post-filing conduct" because Plaintiff adequately alleged the knowledge element for any acts of indirect infringement that occurred after the initiation of this action. *See Symantec Corp.*, 2012 WL 1965832, at *4.  To the extent Plaintiff intended to plead a cause of action for indirect infringement for acts of infringement that occurred prior to the July 25, 2013, Plaintiff has not stated a claim.  However, if Plaintiff intended to allege indirect infringement for pre-filing acts of infringement, the Court will grant leave to amend if Plaintiff can add facts from which the Court can infer that Defendants had knowledge of the '165 Patent prior to the initiation of this action.

### B.   Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  To be liable for induced patent infringement, the accused infringer must have had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011).  Therefore, a claim for induced infringement cannot survive a motion to dismiss without facts that plausibly establish that the accused infringer "specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339.

Here, with respect to the intent element of induced infringement, Plaintiff has failed to plead sufficient facts to plausibly show that Defendant had the requisite intent to induce its customers to infringe the '165 Patent.  The allegations in Plaintiff's complaint are mere legal conclusions; Plaintiff's Complaint lacks facts from which the Court could reasonably infer that the Defendant intended to induce infringement.  Specifically, Plaintiff's complaint provides only that

> Upon information and belief, FOURSQUARE LABS's induced infringement of the '165 patent has been, and will continue to be, willful and deliberate, making this case an exceptional case under 35 U.S.C. § 285, because FOURSQARE LABS has failed to allege any factual basis in support of a good faith defense that it does not induce infringement of the '165 patent, or that the '165 patent is invalid.

(SAC ¶ 20.)  This statement is no more than a conclusion and, as such, is not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 566 U.S. 662, 679 (2009). Thus, because the Complaint lacks any factual assertions supporting this conclusion, the Court must **GRANT** Defendant's Motion to Dismiss and dismiss Plaintiff's claim for induced patent infringement. However, because it is not clear that this deficiency could not be cured by amendment, the Court grants Plaintiff leave to amend this cause of action.

### C. Contributory Infringement

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)).  To avoid dismissal of a contributory infringement cause of action, a plaintiff must plead facts from which the Court can infer that the accused device has no substantial noninfringing uses. *Id.*

Here, Defendant asserts that Plaintiff's SAC is insufficient to state a claim for contributory infringement because the SAC lacks the requisite factual allegations to establish that the allegedly infringing system has no substantial non-infringing uses. (Reply 9:16-23, ECF No. 29.)  Plaintiff's Complaint states that Defendant

> has knowingly contributorily infringed independent Claim 2 of the '165 patent by providing within the United States the foursquare system *constituting a material part of the claimed system of Claim 2*, . . . knowing the same to be *especially made or especially adapted for use in an infringemen*t of the '165 patent, and *not a staple article or commodity of commerce suitable for substantial noninfringing use* absent combination with a personal communication device.

(Compl. ¶ 25.)  Additionally, Plaintiff's Complaint alleges that

> the components provided by [Defendant] to enable the foursquare service whereby a user 'checks in' at a particular location using a personal communication device and provides additional information related to the geographic location of the individual associated with the personal communication

device . . . *have no substantial noninfringing uses absent combination with the user's personal communication device*, and therefore, at least the components provided by [Defendant] to enable the foursquare check in service have no substantial, non-infringing uses other than to perform the claimed invention of the '165 patent.

(Compl. ¶ 26.)

Although the words of the SAC demonstrate that Plaintiff contemplated the need to plead that the Defendant's system had no substantial noninfringing uses, Plaintiff's cryptic choice of words fails to convince the Court that Plaintiff has indeed sufficiently pleaded this element. Specifically, it is unclear from Plaintiff's word choice whether Defendant's system is capable of noninfringing uses when performed in combination with a device other than a personal communication device and, if so, whether such uses would be substantial. *See, e.g.*, *Superior Indus., Inc. v. Thor Global Enters. Ltd*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) (concluding that the plaintiff's complaint fell "far short of pleading facts necessary to state a plausible claim for . . . contributory infringement."); *Seoul Laser Dieboard Sys. Co., Ltd. v. Serviform, S.r.l.*, No. 12-cv-2427-BEN-JMA, 2013 WL 3761535, at *6 (S.D. Cal. July 16, 2013) ("Among other things, Plaintiff must plead facts that allow an inference that the accused products are . . . 'not a staple or commodity of commerce suitable for substantial noninfringing use.'" (quoting *Superior Indus.*, 700 F.3d at 1296)); *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10-cv-677-JLS-MDD, 2012 WL 202664, at *6 (S.D. Cal. Jan. 23, 2012) (denying the defendant's motion to dismiss because plaintiff adequately pleaded that the accused device was not suitable for substantial non-infringing uses). Rather than re-interpret the words of Plaintiff's SAC, the Court **GRANTS** Defendant's Motion to Dismiss, but grants Plaintiff leave to amend to plead the elements of contributory patent infringement in accordance with the standard articulated in *Twombly* and *Iqbal*.

/ / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that, if Plaintiff can cure the defects identified in this Order, Plaintiff shall file its amended complaint by **October 11, 2013**.  Failure to file an amended complaint by that date will result in **DISMISSAL** of Plaintiff's Second Cause of Action for Induced Patent Infringement and Plaintiff's Third Cause of Action for Contributory Patent Infringement **with prejudice**.

**DATED** this 26th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge